

# COURT OF APPEALS

### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-10-00501-CR

FERNANDO DOMINGUEZ                                             APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

----------

## FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Fernando Dominguez was charged by indictment with intentionally or knowingly possessing a usable amount of marijuana—more than four ounces but at most five pounds—in, on, or within 1000 feet of Richland Elementary School.[2]  On March 20, 2008, Appellant apparently pled guilty pursuant to a plea bargain to the offense as charged in the indictment, and the

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Health & Safety Code Ann. § 481.121(b)(3) (West 2010), § 481.134(d) (West Supp. 2011).

trial court convicted him of that offense and sentenced him to ten years' confinement.[3] On August 15, 2008, the trial court granted Appellant's motion for community supervision following execution of sentence, ordered that he be released from confinement, suspended further execution of sentence, and placed him on ten years' community supervision.[4]

About two years later, the State filed a petition for revocation, alleging several violations of the conditions of Appellant's community supervision. Appellant pled true to allegations that he violated the conditions of his community supervision by using cocaine on or about October 27, 2009 and by using marijuana on or about July 15, 2010 and August 6, 2010; by submitting a diluted urine sample on or about March 11, 2009; by failing to report in the month of August 2009; and by failing to pay community supervision fees in the months of August, September, October, and November 2008 and April, June, and August 2009. After a hearing, the trial court revoked Appellant's community supervision and sentenced him to ten years' confinement.

Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the brief, counsel avers that, in his professional opinion, this appeal is frivolous. Counsel's brief and motion meet the requirements of *Anders v. California*[5] by presenting a

---

[3]*See* Tex. Penal Code Ann. § 12.34 (West 2011).

[4]*See* Tex. Code Crim. Proc. Ann. art. 42.12, § 6 (West Supp. 2011).

[5]386 U.S. 738, 87 S. Ct. 1396 (1967).

professional evaluation of the record demonstrating why there are no arguable grounds for relief.[6] This court afforded Appellant the opportunity to file a pro se response to the *Anders* brief, but he did not do so. The State did not file a brief.

Once an appellant's court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, we are obligated to undertake an independent examination of the record to see if there is any arguable ground that may be raised on his behalf.[7] Only then may we grant counsel's motion to withdraw.[8]

We have carefully reviewed the record and counsel's brief. We agree with counsel that the appeal is wholly frivolous and without merit. We find nothing in the record that might arguably support the appeal.[9] Consequently, we grant the motion to withdraw and affirm the trial court's judgment.

PER CURIAM

PANEL: DAUPHINOT, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: October 6, 2011

---

[6]*See Stafford v. State*, 813 S.W.2d 503, 510–11 & n.3 (Tex. Crim. App. 1991).

[7]*See id.* at 511.

[8]*See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

[9]*See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005).